NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THOMAS J. GERRARD, | : | **Hon. Garrett E. Brown, Jr.** |
| Petitioner, | : | Civil No. 04-6056 (GEB) |
| v. | : | |
| R. DAVID PARRISH, et al., | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES:**

RECEIVED

JAN 1 7 2007

AT 8:30_____M
WILLIAM T. WALSH
CLERK

THOMAS J. GERRARD, #445769A
Riverfront State Prison
P.O. Box 9104
Camden, New Jersey  08101
Petitioner pro se

LESLIE-ANN M. JUSTUS, Deputy Attorney General
ATTORNEY GENERAL OF STATE OF NEW JERSEY
P.O. Box 086
Trenton, New Jersey  08625
Attorneys for Respondents

**BROWN, Chief Judge**

Thomas J. Gerrard filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §

2254(a), with supporting Brief and Appendix, challenging a judgment of conviction in the

Superior Court of New Jersey.  Respondents filed an Answer, seeking dismissal of the Petition as

unexhausted and on the merits.  Petitioner filed a Reply Brief.  For the reasons expressed below,

this Court will stay the Petition and hold it in abeyance while Petitioner returns to state court to

exhaust his unexhausted federal claim.  See Rhines v. Weber, 544 U.S. 269 (2005).

# I. BACKGROUND

Petitioner challenges a judgment of conviction filed on April 19, 2002, in the Superior Court of New Jersey, Law Division, Monmouth County, after a jury convicted him of second degree attempted theft in violation of N.J. STAT. ANN. §§ 2C:5:1, 2C:20-3(a), 2C:20-2(b)(1)(a), third degree aggravated assault upon a police officer in violation of N.J. STAT. ANN. §§ 2C:12-1(b)(5)(a), and third degree resisting arrest in violation of N.J. STAT. ANN. §§ 2C:29-2(a)(3)(a). The Law Division denied Petitioner's motion for a new trial or acquittal, denied the state's motion for an extended sentence as a persistent offender, and sentenced Petitioner to a term of 10 years, with a five-year period of parole eligibility, for attempted theft, a consecutive five-year term, with two years of parole ineligibility, for aggravated assault, and a concurrent five-year term, with two years of parole ineligibility, for resisting arrest.[1] Petitioner appealed. On May 19, 2004, the Appellate Division of the Superior Court of New Jersey affirmed in an 11-page unpublished opinion. See State v. Gerrard, Docket No. A-5635-01T4 slip op. (N.J. Super., App. Div., May 19, 2004).

On June 16, 2004, Petitioner filed a petition for certification in the New Jersey Supreme Court. By letter dated July 21, 2004, Petitioner advised the court that the June 24, 2004, decision of the United States Supreme Court in Blakely v. Washington, 542 U.S. 296 (2004), rendered Petitioner's sentence unconstitutional because the trial judge increased the sentence beyond the presumptive sentence by finding three aggravating factors which were not admitted by Petitioner

---

[1] The Law Division thereafter entered two amended judgments of conviction. On August 1, 2002, the Law Division amended the judgment to reflect a change in jail credit, and on October 7, 2002, the Law Division amended the judgment to reflect the parole ineligibility periods on counts two and three.

or found by a jury beyond a reasonable doubt. On July 26, 2004, the New Jersey Supreme Court filed an order denying certification. See State v. Gerrard, 181 N.J. 287 (2004) (table). On August 3, 2004, Petitioner filed a motion asking the New Jersey Supreme Court to reconsider the denial of certification on the ground that the court may not have seen Petitioner's July 21, 2004, letter. On November 5, 2004, the New Jersey Supreme Court granted Petitioner's motion for reconsideration and denied certification.[2] See State v. Gerrard, 182 N.J. 145 (2004) (table).

Petitioner executed his original § 2254 Petition in this action on December 7, 2004. The Clerk received it on December 9, 2004. On December 20, 2004, the Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). In letters dated December 23, 2004, and February 8, 2005, Petitioner advised the Court that he elected to withdraw the original Petition and file one all-inclusive petition, subject to the one-year statute of limitations. On March 4, 2005, this Court dismissed the Petition without prejudice as withdrawn and directed the Clerk to close the file.

───────────────

[2] The body of the order reads as follows:

> This matter having been duly presented to the Court, it is ORDERED that the motion for reconsideration of the petition for certification (M-391) is granted, and the Court having considered the supplemental material that was filed, and good cause appearing; it is further ORDERED that the petition for certification (C0406) is denied.

State v. Gerrard, 182 N.J. 145 (2004) (table).

The docket shows the filing of three documents by Petitioner on August 3, 2005: a letter to the Clerk dated August 1, 2005, a certification in support of a motion for assignment of counsel, and a Brief and Appendix in Support of Petition for Writ of Habeas Corpus. In the letter, Petitioner advises the Clerk that on May 7, 2005, he handed to prison officials for mailing to the Clerk two copies of his Habeas Corpus Petition, an Appendix, and a motion for assignment of counsel. Petitioner asks the Clerk to consider these papers filed as of May 7, 2005. By Order entered April 11, 2006, this Court directed the Clerk to reopen the file, construed Petitioner's new Brief and Appendix as his supplemental Petition, and ordered Respondents to file an answer. The Petition, as supplemented, presents 12 grounds, which are set forth below:

> Ground One: TRIAL COURT'S FAILURE TO PROPERLY CHARGE THE JURY IN GRADING AN ATTEMPTED THEFT OFFENSE BASED UPON ACTUAL POSSESSION OR CONTROL OVER MOVABLE PROPERTY CONSTITUTED PLAIN ERROR.

> Ground Two: TRIAL COURT['S] FAIL[URE] TO OBTAIN THE ACCURATE AND AUTHENTIC MARKET VALUE OF THE MERCHANDISE BEFORE CHARGING THE JURY WITH ANY GRADE OF ATTEMPTED THEFT VIOLATED THE DEFENDANT'S SIXTH AND FOURTEENTH AMENDMENTS.

> Ground Three: TRIAL COURT'S FAILURE TO CHARGE THE JURY WITH THE LESSER-INCLUDED OFFENSE OF CRIMINAL MISCHIEF CONSTITUTED HARMFUL ERROR AND DENIED THE DEFENDANT A FAIR TRIAL VIOLATING THE DEFENDANT'S SIXTH AND FOURTEENTH AMENDMENTS.

> Ground Four: GERRARD'S CONVICTION FOR ASSAULTING A POLICE OFFICER AND RESISTING ARREST MUST BE REVERSED BECAUSE THE COURT FAILED TO CHARGE, IN THE INSTRUCTIONS ON SELF DEFENSE, ASSAULT OF AN OFFICER, AND RESISTING ARREST, THAT GERRARD MAINTAINED THAT HE DID NOT KNOW THE MEN WHO

SEIZED HIM WERE OFF-DUTY POLICE OFFICERS OR THAT
THEY WERE ATTEMPTING TO ARREST HIM IN
VIOLATION OF U.S. CONST. AMEND. SIX AND FOURTEEN.

Ground Five:  TRIAL COURT['S] DEN[IAL OF] THE
PETITIONER'S MOTION FOR A NEW TRIAL OVERTLY
COGNIZANT OF THE ERRORS AND OMISSIONS
CONTAINED THROUGHOUT THE ENTIRE PROCEEDINGS
CONSTITUTED HARMFUL ERROR.

Ground Six:  IN A CASE WHERE WITNESSES SUBMITTED
CONTRIVED, CONTRADICTORY AND PERJURED
TESTIMONY IT WAS PLAIN ERROR FOR THE COURT NOT
TO MOLD THE CREDIBILITY CHARGE.

Ground Seven:  PROSECUTOR KNOWINGLY PRESENTED
PERJURED TESTIMONY TO SECURE A CONVICTION AND
IN DOING SO, DENIED THE PETITIONER A FAIR TRIAL.

Ground Eight:  TRIAL COURT'S DENIAL TO INSPECT
OFFICER BRAXTON'S PERSONNEL FILE DEPRIVED THE
DEFENDANT OF A FAIR TRIAL IN VIOLATION OF U.S.
CONST. AMEND. SIX AND FOURTEEN.

Ground Nine:  PROSECUTOR SHIFTED THE BURDEN BY
VOUCHING FOR THE CREDIBILITY OF STATE'S
WITNESSES, DENIED THE DEFENDANT A FAIR TRIAL IN
VIOLATION OF U.S. CONST. AMEND. FIVE AND
FOURTEEN.

Ground Ten:  PETITIONER'S CONVICTION FOR RESISTING
ARREST MUST BE REVERSED BECAUSE THE
INSTRUCTION ON THAT OFFENSE DID NOT DEFINE THE
ELEMENT OF "PHYSICAL FORCE OR VIOLENCE."

Ground Eleven:  THE AGGREGATED TERM OF 15 YEARS,
SEVEN YEARS WITHOUT PAROLE, COMPRISED OF THE
MAXIMUM TERM OF TEN YEARS, FIVE YEARS WITHOUT
PAROLE, ON THE ATTEMPTED THEFT, AND A
CONSECUTIVE TERM OF FIVE YEARS, TWO YEARS
WITHOUT PAROLE, ON THE ASSAULT, IS GROSSLY
EXCESSIVE, IS NOT BASED ON PROPER SENTENCING
CONSIDERATIONS, AND MUST BE REVERSED.

Ground Twelve:  COURT IMPOSED ILLEGAL SENTENCE BY
DETERMINING AGGRAVATING FACTORS NOT ADMITTED
BY THE DEFENDANT NOR DETERMINED BY A JURY IN
IMPOSING THE MAXIMUM SENTENCES AND IMPOSING
CONSECUTIVE SENTENCE APPLYING THE IDENTICAL
AGGRAVATING FACTORS IN VIOLATION OF US. CONST.
AMEND. SIX AND FOURTEEN.

(Petitioner's Brief, Points One to Twelve; see also Pet. ¶ 20.A. to L.)

The State filed an Answer, arguing that the Petition should be dismissed as a mixed

petition because Grounds Six, Nine, Eleven and Twelve were not exhausted, or denied on the

merits pursuant to 28 U.S.C. § 2254(b)(2).  Petitioner filed a Reply Brief.

## II.  DISCUSSION

A.  Exhaustion

A district court may not grant a writ of habeas corpus under § 2254 unless the petitioner

has exhausted state court remedies for all grounds presented in the petition or such process is

unavailable or ineffective to protect the petitioner's rights.  See 28 U.S.C. § 2254(b)(1)(A),

(b)(1)(B); Rhines v. Weber, 544 U.S. 269 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d

Cir. 1997).  Section 2254(b) provides in relevant part:

An application for a writ of habeas corpus on behalf of a person in
custody pursuant to the judgment of a State court **shall not be
granted** unless it appears that -

(A) the applicant has exhausted the remedies available in the courts
of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to
protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B) (emphasis added); see also Henderson v. Frank, 155 F.3d 159,

164 (3d Cir. 1998); Lambert, 134 F.3d at 513;  Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir.

1993).  Section 2254(c) further provides that "[a]n applicant shall not be deemed to have

exhausted the remedies available in the courts of the State, within the meaning of this section, if

he has the right under the law of the State to raise, by any available procedure, the question

presented."  28 U.S.C. § 2254(c).

Federal courts have consistently adhered to the exhaustion doctrine "for it would be

unseemly in our dual system of government for a federal district court to upset a state court

conviction without an opportunity to the state courts to correct a constitutional violation." Picard

v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted).  The

statutory scheme under the AEDPA "reinforces the importance of Lundy's 'simple and clear

instruction to potential litigants:  before you bring any claims to federal court, be sure that you

first have taken each one to state court.'"  Rhines, 544 U.S. at 276-77 (quoting Rose v. Lundy,

455 U.S. 509, 520 (1982)).

The Exhaustion Doctrine requires a petitioner to fairly present each federal claim to each

level of the state court system.  See Baldwin v. Reese, 541 U.S. 27 (2004); O'Sullivan v.

Boerckel, 526 U.S. 838 (1999); Rose, 455 U.S. at 515; United States ex rel. Kennedy v. Tyler,

269 U.S. 13, 17 (1925); Burkett v. Love, 89 F.3d 135, 138 (3d Cir. 1996).  "[S]tate prisoners

must give the state courts one full opportunity to resolve any constitutional issues by invoking

one complete round of the State's established appellate review process," including a petition for

discretionary review before the State's highest court.  O'Sullivan, 526 U.S. at 845; see also

Baldwin, 541 U.S. at 29.  To exhaust, a petitioner in the custody of the State of New Jersey must

present his federal claims to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court in a petition for certification.  See Toulson, 987 F.2d at 987-89.

"To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation and internal quotation marks omitted).  The habeas petitioner carries the burden of proving total exhaustion.  Lambert, 134 F.3d at 513; Toulson, 987 F.2d at 987.

In this case, the state argues that the Petition is mixed because Petitioner exhausted eight claims but failed to fully exhaust four claims.  The state contends that Grounds Six (failure to mold the credibility instruction) and Eleven (excessive sentence) are not exhausted because Petitioner failed to present these grounds to the state courts as federal claims.  In addition, the state maintains that Grounds Nine (prosecutorial vouching) and Twelve (Sixth Amendment claim under Blakely v. Washington, 542 U.S. 296 (2004)) are not exhausted because Petitioner failed to present these claims to the Law and Appellate Divisions.

In his Reply, Petitioner argues that he properly presented Grounds Six and Eleven to the New Jersey courts as federal claims and that he presented Ground Nine to the trial court and the appellate court.  Petitioner argues that his Blakely claim was presented only to the New Jersey Supreme Court because Blakely was not decided until after he had filed his petition for certification in the New Jersey Supreme Court.  Petitioner reasons that, once New Jersey's

8

highest court rejected his <u>Blakely</u> claim by denying certification, post conviction review by New Jersey's lower courts was not available, <u>see</u> 28 U.S.C. § 2254(c).

This Court concludes that it is not necessary to determine whether Petitioner exhausted Grounds Six (failure to mold credibility instruction) and Eleven (excessive sentence) because neither ground asserts violation of federal law and this Court therefore lacks subject matter jurisdiction over these claims. <u>See</u> <u>Engle v. Isaac</u>, 456 U.S. 107, 120 n.19 (1982) ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts"); <u>Smith v. Horn</u>, 120 F.3d 400, 414 (3d Cir. 1997) ("it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim") (citation omitted); <u>Kontakis v. Beyer</u>, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserts in § 2254 petition that the exclusion of testimony violates his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violates his federal due process rights).

In Ground Six, Petitioner contends that the trial court's failure to mold the credibility instructions constituted plain error. Petitioner does not assert a violation of federal law, and "the fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief." <u>Estelle v. McGuire</u>, 502 U.S. 62, 71-72 (1991); <u>see also</u> <u>Engle</u>, 456 U.S. at 119 ("Insofar as respondents simply challenge the correctness of the self-defense instructions under Ohio law, they allege no deprivation of federal rights and may not obtain habeas relief"). Moreover, a habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular provisions," or

9

demonstrate that the jury "instructions deprived him of a defense which federal law provided to him." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). This is because district courts do not "sit as super state supreme courts for the purpose of determining whether jury instructions were correct under state law with respect to the elements of an offense and defenses to it." Id. Because Petitioner does not allege violation of federal law, point to a federal requirement that jury instructions must include the cited credibility charge, or show that the instructions deprived him of a defense which federal law provided to him, id. at 111, this Court lacks subject matter jurisdiction over Ground Six, and it is not necessary to determine if Ground Six was presented to the New Jersey courts as a federal claim.

In Ground Eleven, Petitioner argues that his sentence "is grossly excessive, is not based on proper sentencing considerations, and must be reversed." (Pet. at p. 7.) This Court lacks jurisdiction over Ground Eleven because Petitioner's challenge to the excessiveness of his sentence is a question of state law. See Chapman v. United States, 500 U.S. 453, 465 (1991) (under federal law, "the court may impose . . . whatever punishment is authorized by statute for [an] offense, so long as that penalty is not cruel and unusual, and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment"); see also Wainwright v. Goode, 464 U.S. 78 (1983). Because this Court lacks subject matter jurisdiction over Ground Eleven, it is not necessary to determine whether Petitioner exhausted Ground Eleven by presenting it to the New Jersey courts as a federal constitutional violation.

The state also argues that Grounds Nine (prosecutorial vouching) and Twelve (Blakely claim) are not exhausted because, although Petitioner presented these claims to the New Jersey

10

Supreme Court, he failed to raise them before the Law and Appellate Divisions.  It is clear that

Petitioner did not present either Ground Nine or Twelve to the Law Division or to Appellate

Division on direct appeal.  See State v. Gerrard, Docket No. A-5635-01T4 slip op. at pp. 4-6

(N.J. Super., App. Div., May 19, 2004).   This Court must therefore dismiss the Petition without

prejudice as unexhausted unless exhaustion is excused or unavailable, Grounds Nine and Twelve

do not raise even a colorable federal claim, or a stay of the Petition is warranted under Rhines v.

Weber, 544 U.S. 269 (2005).

B.  Circumstances Excusing Exhaustion

         Section 2254(b)(1)(B)(i) excuses exhaustion where there is "an absence of available State

corrective process."  28 U.S.C. § 2254(b)(1)(B)(i); see also Duckworth v. Serrano, 454 U.S. 1, 3

(1981) (per curiam).  A petition containing claims which are unexhausted but procedurally barred

will not be dismissed as unexhausted.  "Although the unexhausted claims may not have been

presented to the highest state court, exhaustion is not possible because the state court would find

the claims procedurally defaulted."  Toulson, 987 F.2d at 987; accord Coleman v. Thompson,

501 U.S. 722, 730-32 & n.1 (1991); Harris v. Reed, 489 U.S. 255 (1989).[3]  "If a claim has not

---

[3] While it excuses exhaustion, the doctrine of procedural default is a double-edged sword.
When a petitioner's failure to comply with a state procedural rule has prevented the state courts
from reaching the merits of his federal claims, federal habeas review of those claims is ordinarily
barred as petitioner has procedurally defaulted his claims.  Ylst v. Nunnemaker, 501 U.S. 797,
801 (1991).  Reliance by the last state court to consider the federal claim on an "adequate and
independent finding of procedural default will bar federal habeas review of [that] federal claim,
unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or
demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of
justice."  Harris, 489 U.S. at 262 (citations and internal quotation marks omitted); accord
Coleman, 501 U.S. at 750; Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999); Sistrunk v.
Vaughn, 96 F.3d 666, 673 (3d Cir. 1996).

11

been fairly presented to the state courts but state law clearly forecloses review . . . exhaustion is excused." Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (citations omitted).

In determining whether state court review is "available" under § 2254(b)(1)(B) and (c), this Court must "turn [its] attention to the actuality that the state courts would refuse to entertain" the petitioner's federal claims. Lambert, 134 F.3d at 516; Christy, 115 F.3d at 207. Most importantly, "unless a state court decision exists indicating that a habeas petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for nonexhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim." Lambert, 134 F.3d at 517.

For example, the petitioner in Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993), was a New Jersey prisoner who filed a § 2254 petition in the District Court for the District of New Jersey challenging his state conviction and sentence on five grounds. The Appellate Division of the New Jersey Superior Court had affirmed his conviction; the New Jersey Supreme Court had denied his petition for certification; and the trial court had denied his motion to reconsider the sentence and his motion for post-conviction relief. Toulson had not presented three of his § 2254 grounds to the New Jersey Supreme Court in his petition for certification. The district court held that the claims were procedurally barred by N. J. Ct. R. 3:22-4 (barring consideration of grounds not raised in prior proceedings), in that Toulson had not raised them in his petition for certification to the New Jersey Supreme Court. The Third Circuit reversed and remanded, observing that Rule 3:22-4(c) dissolves the procedural bar where "denial of relief would be contrary to the Constitution of the United States or the State of New Jersey," and that other rules

12

presenting potential procedural bars were likewise subject to relaxation.[4] The Third Circuit instructed the district court to dismiss the petition without prejudice for failure to exhaust "[b]ecause no state court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default." Toulson, 987 F.2d at 989.

In contrast, in Cabrera v. Barbo, 175 F.3d 307 (3d Cir. 1999), the Third Circuit affirmed dismissal of claims raised in a New Jersey prisoner's § 2254 petition as procedurally defaulted after a New Jersey court had in fact refused to consider the petitioner's federal claims because they were procedurally barred by N.J.Ct.R. 3:22-4. Under those circumstances, the Third Circuit observed that exhaustion was unavailable. However, because New Jersey's rejection of Cabrera's claims was based on an adequate and independent state ground, the petitioner had procedurally defaulted the claims. Cabrera, 175 F.3d at 312-314.

In this case, no New Jersey court has determined that Petitioner is procedurally barred from raising his prosecutorial vouching claim (Ground Nine) or his Blakely claim (Ground Twelve). Moreover, a year after it summarily denied certification to Petitioner, the New Jersey Supreme Court ruled that New Jersey's presumptive sentencing scheme was unconstitutional under Blakely. See State v. Natale, 184 N.J. 458, 466 (2005). The Natale Court held that "a sentence above the presumptive statutory term based solely on a judicial finding of aggravating

---

[4] New Jersey Court Rule 3:22-12, which poses a five-year limitation period for the filing of post-conviction relief petitions, Rule 3:22-4, which bars any ground for relief not raised in a prior post-conviction relief proceeding, and Rule 3:22-5, which provides that a prior adjudication upon the merits of any ground for relief is conclusive, are subject to relaxation. See State v. Preciose, 129 N.J. 451, 454, (1992); State v. Mitchell, 126 N.J. 565 (1992); State v. Johns, 111 N.J. Super 574, 576 (App. Div. 1970).

factors, other than a prior criminal conviction, violates a defendant's Sixth Amendment jury trial guarantee." Id. Finding that its holding is a "new rule of law, compelled by Blakely," id. at 493 (citations and internal quotation marks omitted), the Natale Court determined that the new rule applies "to defendants with cases on direct appeal as of the date of this decision and to those defendants who raised Blakely claims at trial or on direct appeal," id. at 495. In light of Natale, this Court finds that post conviction review of Petitioner's claims is not clearly foreclosed or unavailable. Petitioner's failure to exhaust his Blakely claim is therefore not excused under § 2254(b)(1)(B)(i).

Failure to exhaust may also be excused where "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). State corrective process is ineffective where "'state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be futile.'" Lambert, 134 F.3d at 516 (quoting Christy v. Horn, 115 F.3d 201, 207 (3d Cir. 1997)); see also Gibson, 805 F.2d at 138. Petitioner's failure to exhaust is not excused under this provision, however, because New Jersey's appellate review procedures are not inadequate to adjudicate his Blakely and prosecutorial misconduct claims.

C.  Colorable Federal Claim

Respondents argue, alternatively, that this Court should deny the Petition on the merits pursuant to 28 U.S.C. § 2254(b)(2). Section 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). The Third Circuit determined that § 2254(b)(2) codifies the holding in Granberry v. Greer, 481 U.S. 129

14

(1987), "by conferring upon the district court the authority to deny a habeas petition on the merits despite the petitioner's failure to exhaust state remedies." Lambert, 134 F.3d at 514.

In Granberry, the Court held that where a state failed to raise the exhaustion defense in the district court, the court of appeals may examine the exhaustion issue under the following circumstances:

> The court should determine whether the interests of comity and
> federalism will be better served by addressing the merits forthwith
> or by requiring a series of additional state and district court
> proceedings before reviewing the merits of the petitioner's claim . .
> . . [I]f it is perfectly clear that the applicant does not raise even a
> colorable federal claim, the interests of the petitioner, the warden,
> the state attorney general, the state courts, and the federal courts
> will all be well served even if the State fails to raise the exhaustion
> defense, the district court denies the habeas petition [on the
> merits], and the court of appeals affirms the judgment of the
> district court forthwith.

Granberry, 481 U.S. at 134-135.

Thus, the Third Circuit has instructed district courts that they may deny a mixed petition on the merits under § 2254(b)(2) only "if it is perfectly clear that the applicant does not raise even a colorable federal claim." Lambert, 134 F.3d at 515 (quoting Granberry, 481 U.S. at 135). Under this standard, "if a question exists as to whether the petitioner has stated a colorable federal claim, the district court may not consider the merits of the claim if the petitioner has failed to exhaust state remedies and none of the exceptions set forth in sections 2254(b)(1)(B)(i) and (ii) applies." Lambert, 134 F.3d at 515.

In this case, Petitioner asserts in one of his unexhausted federal claims that the prosecutor violated his Fifth and Fourteenth Amendment due process rights by vouching for the

credibility of the government's witnesses during his summation.  As factual support, Petitioner

asserts:

> The Prosecutor in his closing summation referred to witnesses testimony as truthful and credible.  The opinion of this Prosecutor was unchecked and unsworn testimony.  The prosecutor holds a position of authority and this testimony does not go unnoticed by the jury as it is quite possible the state has viewed evidence or [is] privy to information not in front of the jury.  This action denied the defendant a fair trial.

(Pet. at p. 7.)  In his Legal Memorandum, relying on <u>United States v. Young</u>, 470 U.S. 1, 18

(1985), Petitioner explains his prosecutorial vouching claim:

> On March 7, 2002, during the closing summation of the State's case, the Prosecutor first acknowledged this incident occurred over two years ago and now with regards to some of the inconsistencies within the testimony, remember one thing, that people's recollections [are] going to be a little bit different over time. (3T121-2 to 8).  Then [he] proceeds to vouch for the credibility of these witnesses, cognizant of the above inconsistent testimony, repeatedly bolstered the credibility of these witnesses. (3T121-9 to 15; 121-16 to 20; 121-21 to 22; 124-13 to 16; 125-19 to 24).  The Petitioner claims that the Prosecutor engaged in misconduct that violated the Defendant's right to a fair trial in violation of the <u>U.S. Const.</u> Amend's Five and Fourteen.

(Petitioner's Legal Mem. at pp. 55-56.)

Vouching is a type of prosecutorial misconduct.  <u>See</u> <u>Lam v. Kelchner</u>, 304 F. 3d 256,

271 (3d Cir. 2002).  The Supreme Court explained in <u>United States v. Young</u>, 470 U.S. 1, 18-19

(1985), how prosecutorial vouching may deny due process:

> The prosecutor's vouching for the credibility of witnesses and expressing his personal opinion concerning the guilt of the accused pose two dangers: such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence

> presented to the jury; and the prosecutor's opinion carries with it
> the imprimatur of the Government and may induce the jury to trust
> the Government's judgment rather than its own view of the
> evidence.

Young, 470 U.S. at 18-19.

However, habeas relief is not available on the basis of prosecutorial vouching unless the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Lam, 304 F.3d at 271-72 (quoting Darden v. Wainwright, 477 U.S. 168, 180-81 (1986) and Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)).

This Court has reviewed the record in regard to Petitioner's prosecutorial vouching claim and notes that the Appellate Division rejected the claim without discussion. The prosecutor's statements during summation do not constitute vouching as explained by the Supreme Court in Young because nothing said by the prosecutor either conveyed the impression that evidence known to the prosecutor but not presented to the jury supported the charges, or induced the jury to trust the government's judgment over its own. Moreover, given the evidence against Petitioner, the prosecutor's remarks during summation did not infect the trial with unfairness or make the resulting conviction a denial of due process. Petitioner's prosecutorial vouching claim does not raise a colorable federal claim that would prevent this Court from denying the Petition on the merits pursuant to 28 U.S.C. § 2254(b)(2). See Lambert, 134 F.3d at 515.

In Ground Twelve, relying on Blakely v. Washington, 542 U.S. 296 (2004), Petitioner argues that his sentence violates the Sixth and Fourteenth Amendments because it was increased beyond the presumptive sentence on the basis of the trial court's finding of three aggravating factors not admitted by the defendant or determined by a jury. (Pet. at p. 8; Petitioner's Brief at

17

p. 66.)  The Supreme Court's 2004 decision in Blakely evolved from Apprendi v. New Jersey,

530 U.S. 466 (2000).  In Apprendi, the Supreme Court determined that Apprendi had a

constitutional right to have a jury, rather than a judge, find bias because the finding was

necessary to support an enhanced sentence under the New Jersey hate crimes law.  The Supreme

Court reversed Apprendi's sentence pursuant to the principle that, "under the Due Process Clause

of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any

fact (other than prior conviction) that increases the maximum penalty for a crime must be

charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."  Apprendi,

530 U.S. at 476 (citation and internal quotation marks omitted).  In 2002, the Supreme Court

held in Ring v. Arizona, 536 U.S. 584 (2002), that imposition of the death penalty under Arizona

law violated Apprendi because the trial judge determined the presence or absence of aggravating

factors required by Arizona law for imposition of the death penalty.  Ring, 536 U.S. at 602.  In

2004, the Blakely Court determined that application of Washington's sentencing guidelines

violated the defendant's rights because "the 'statutory maximum' for Apprendi purposes is the

maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury*

*verdict or admitted by the defendant.*"  Blakely, 542 U.S. at 303 (emphasis in original) (citations

omitted).  In 2005, the Supreme Court decided in United States v. Booker, 543 U.S. 220 (2005),

that application of the Federal Sentencing Guidelines violates the Sixth Amendment because the

guidelines require the judge to enhance the sentence based on the judge's determination of facts

that were not found by the jury or admitted by defendant.

18

The Supreme Court decided <u>Blakely</u> on June 24, 2004, while Petitioner's petition for certification on direct appeal was pending before the New Jersey Supreme Court. Petitioner presented his <u>Blakely</u> claim to the New Jersey Supreme Court, which denied certification.

As a matter of federal constitutional law, "a new rule for the conduct of criminal prosecutions is to be applied . . . to all cases . . . pending on direct appeal or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987). Moreover, the Supreme Court expressly determined in <u>United States v. Booker</u>, 543 U.S. 220, 268 (2005), that its Sixth Amendment holding regarding the Sentencing Guidelines must be applied to all cases on direct review as of the date of its decision. <u>Accord</u> <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351 (2004) ("When a decision of this Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review . . . . As to convictions that are already final, however, the rule applies only in limited circumstances"). Ordinarily, "State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.'" <u>Beard v. Banks</u>, 542 U.S. 406, 411 (2004) (quoting <u>Caspari v. Bohlen</u>, 510 U.S. 383, 390 (1994)).

The Supreme Court's ruling in <u>Blakely</u> applies to Petitioner's case as a matter of federal constitutional law because the decision was issued on June 24, 2004, while his petition for certification on direct review was pending before the New Jersey Supreme Court and he preserved the claim by raising it. <u>See</u> <u>In re Olopade</u>, 403 F.3d 159, 163 n.4 (3d Cir. 2005) ("After <u>Booker</u> issued on January 12, 2005, this court, of course, has applied the <u>Booker</u> rules to

19

cases that were then pending on direct review"); Simmons v. Beyer, 44 F.3d 1160, 1165-66 (3d

Cir. 1995) (holding that the Supreme Court's 1986 decision in Batson v. Kentucky, 476 U.S. 79

(1986), applied to Simmons' 1977 New Jersey conviction because it did not become final on

direct review until 1991 when the United States Supreme Court denied his petition for a writ of

certiorari, and observing that "the egregious delay in granting Simmons a direct appeal

inadvertently gave him the benefit of the Batson decision). This Court finds that the Petition here

presents a colorable claim under Blakely. Thus, this Court may not deny the Petition on the

merits pursuant to 28 U.S.C. § 2254(b)(2). See Lambert, 134 F.3d at 515.

D. Stay and Abeyance

        In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court authorized a district court

to stay a mixed § 2254 petition under limited circumstances. Reversing the Eighth Circuit's

decision that a district court has no authority to stay a mixed petition to allow the petitioner to

present his unexhausted claims to the state court and then to return to federal court, the Supreme

Court observed that

>           If a petitioner files a timely but mixed petition in federal district
>           court, and the district court dismisses it under Lundy after the
>           limitations period has expired, this will likely mean the termination
>           of any federal review. For example, if the District Court in this
>           case had dismissed the petition because it contained unexhausted
>           claims, AEDPA's 1-year statute of limitations would have barred
>           Rhines from returning to federal court after exhausting the
>           previously unexhausted claims in state court.

Id. at 275.

        The Rhines Court held that a district court has the authority to stay a mixed petition

when a stay would be compatible with AEDPA's purposes. Id. at 276. The Court observed that

"it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed

petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." Id. at 278.

In this case, Petitioner asserts that he did not present his Blakely claim to the lower courts on direct appeal because the Supreme Court did not decide Blakely until after the Law Division entered Petitioner's judgment of conviction and the Appellate Division affirmed it; he did not present it to the lower courts in a petition for post conviction relief because the highest New Jersey court had rejected his claim on direct appeal. This Court finds that Petitioner has sufficiently shown good cause within the Rhines standard for his failure to exhaust his Blakely claim. In addition, there is no indication that Petitioner engaged in intentionally dilatory litigation tactics.

This Court also finds that Petitioner's Blakely claim is potentially meritorious within the Rhines standard. Petitioner was convicted of attempted theft, a second degree crime; aggravated assault on a police officer, a third degree crime; and resisting arrest, a third degree crime. When the New Jersey Supreme Court denied certification in 2004, New Jersey law provided that a court "shall impose" the presumptive sentence of seven years for a crime of the second degree and four years for a crime of the third degree, "unless the preponderance of aggravating or mitigating factors, as set forth in subsections a. and b., weigh in favor of a higher or lower term within the limits provided in N.J.S. 2C:43-6." N.J. STAT. ANN. § 2C:44-1f(1)(c) and (d). Under the statute, the trial court could increase the sentence to between five and 10 years for a second degree crime

21

and between three and five years for a third degree crime only if the court found a preponderance of aggravating factors. See N.J. STAT. ANN. § 2C:43-6a(2) and (3).

In this case, the state court record shows that the trial judge increased Petitioner's sentence on each count beyond the presumptive term after finding no mitigating factors and aggravating factors (3), (6), and (9), i.e., "[t]he risk that the defendant will commit another offense;" "[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted;" and "[t]he need for deterring the defendant and others from violating the law." See N.J. Stat. Ann. § 2C:44-1a(3), (6), (9).

As previously stated, the New Jersey Supreme Court applied its holding in State v. Natale, 184 N.J. 458, 494 (2005), "to defendants with cases on direct appeal as of the date of this decision and to those defendants who raised Blakely claims at trial or on direct appeal." Id. Respondents nevertheless argue in the Answer that Petitioner is not entitled to habeas relief on his Blakely claim because the three aggravating factors found by the trial court fall within Blakely's prior conviction exception.[5] This Court notes, however, that in August 2006, the New Jersey Supreme Court rejected the argument that aggravating factors (3), (6), and (9) fall within the prior conviction exception:

> We see no reason now to risk constitutional error by straining to interpret which past sentencing decisions utilizing factors (3) and (9) fit within our best prediction of how far we may stretch the presently allowed prior-conviction exception. Rather, it is more

---

[5] See e.g., Apprendi, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); Almendarez-Torres v. United States, 523 U.S. 224 (1998) (the government need not include in an indictment, and have a jury find, the fact of a prior conviction for purposes of determining whether a sentence's maximum could be increased based on the prior conviction).

prudent, constitutionally, to construe narrowly the "facts" that Blakely's prior-conviction exception permits a sentencing court to consider. Therefore, we hold that judicial fact-finding must be limited to the finding of the existence of a prior conviction. For defendants sentenced prior to Natale, we have no confidence that any who were sentenced above the presumptive sentence on the basis of aggravating factors (3), or (6), or (9) were sentenced exclusively on the mere judicial fact-finding of the existence of a prior conviction.

Indeed, implicit in a sentencing court's assessment of the defendant's risk of recidivism (factor (3)), the seriousness and extent of a defendant's prior criminal record (factor (6)), and the need to deter defendant and others (factor (9)) is a qualitative assessment that we want and expect the court to make. A court's findings assessing the seriousness of a criminal record, the predictive assessment of chances of recidivism, and the need to deter the defendant and others from criminal activity, do all relate to recidivism, but also involve determinations that go beyond the simple finding of a criminal history and include an evaluation and judgment about the individual in light of his or her history . . . . Indeed, it cannot be disputed that aggravating factors (3) and (9) at issue here can be based on assessment of a defendant beyond the mere fact of a prior conviction, or even in the absence of a criminal conviction . . . . Our Natale remedy will continue to permit such qualitative assessments by sentencing courts in finding aggravating factors (3), (6), and (9) going forward. We decline to take an artificial or crabbed view of judicial determinations made about those same aggravating factors now, merely to avoid affording to persons such as defendant the opportunity to have his sentence re-determined.

In conclusion, we hold that a remand for defendant's re-sentencing is required. In accordance with Natale, supra, the court should re-determine defendant's sentence within the extended-term range based on aggravating and mitigating factors found to be present . . . . In balancing those factors, the court shall not be required to start from the fixed point of the previously applicable statutory presumptive sentence for the extended-term range.

State v. Thomas, 188 N.J. 137, 153-54 (2006) (citations omitted).

Given the New Jersey Supreme Court's interpretation of aggravating factors (3), (6), and (9) in <u>Thomas</u>, this Court finds that Petitioner's <u>Blakely</u> claim is potentially meritorious under the <u>Rhines</u> standard.[6] A stay of the Petition is therefore warranted while Petitioner exhausts Ground Twelve. This Court will explicitly condition the stay on Petitioner's pursuing state court remedies within 30 days after the stay is entered and returning to federal court within 30 days after state court exhaustion is completed. <u>See</u> <u>Rhines</u>, 544 U.S. at 278.

## IV. CONCLUSION

Based on the foregoing, the Court will stay the Petition and hold it in abeyance while Petitioner exhausts Grounds Nine and Twelve.

GARRETT E. BROWN, JR.
Chief Judge
United States District Court

DATED: _____January 17_____, 2007

---

[6] <u>Cf.</u> <u>Brown v. Greiner</u>, 409 F.3d 523, 534-35 (2nd Cir. 2005) (where the New York courts determined that the specific factual finding of prior predicate felonies was "the sole determinant" of exposure to an enhanced sentence, and the New York statute does not enumerate any specific facts that must be found by the sentencing court before it can conclude that the extended sentence is in the public's best interest, it was not an unreasonable application of <u>Apprendi</u> for the New York court to uphold the extended sentence as falling within the prior conviction exception).